## NEGRO JEMIMA v. WILLIAM ROSS.

Court of Common Pleas.   November 19, 1796.

*Wilson's Red Book, 144.*

*Ridgely* [for plaintiff].   *Wilson* [for defendant].

Evidence.   Mr. Richards, from whom defendant claimed as heir in 1789, in his death-bed sickness by an instrument witnessed and acknowledged before a justice manumitted the plaintiff (this was agreed to be void being a transaction in Maryland etc.), but before that had sent this Negro into this state in February where she remained until the present, etc.

BASSETT, C. J.   The Court has in every case that has come before them put a reasonable construction on those words "or otherwise" (Act [of] February, 1787 [2 Del.Laws 886]).   A man sending his slave into this state [on] an errand does not free him; but we will never suffer the law to be eluded by art or cunning.   James Hutchins had applied for an Act of Assembly for liberty to send his slave into this state on a farm of his, which was refused him.   He, when sick of the gout, having witnesses ready, called the Negro Guy in and forbade him to go into the State of Delaware but sent him with a letter to his overseer here, and the Negro resided here for one year and then petitioned and was liberated.

120 ·

JOHNS, J. This does not appear to me a design to elude the Act. The word "otherwise" is not to be taken in its largest sense. Every case must depend upon its circumstances. Wherever a person in Maryland suffers his slave to come into this state and gain a residence, that is a case within the Act, and this is such a case.

BASSETT, C. J. I consider the petitioner is entitled to her freedom on two grounds. Whenever a person put his slave within the jurisdiction of this state, that moment the slave enjoys every right that he could have in case the master was an owner within this state. There was one Thompson, who was petitioned against by many Negroes, whose case was argued long since before the Supreme Court on an appeal, where a parol manumission was determined a good one, and I think so yet. On this point the petitioner is entitled to her liberty, for Mr. Richards, while in this state and she in Maryland, declared her free, and again, whilst he was in Maryland and she in this state, he declared her free. I think these declarations a good manumission, and I agree with my brother's reasons also.

Docket Entry.

And now, to wit, this 19th of November, 1796, after hearing the proofs and allegations of the parties in this cause in a summary way, the said justices, being now satisfied that the said Jemima is entitled to her freedom, do discharge the said Jemima from the service of the said [——][1] administrator of William Ross, deceased, and further it is considered, adjudged, and decreed that the said Jemima is and shall be free and at liberty and shall and may enjoy all the benefits and advantages that a free Negro or mulatto may or can do within this government.